UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Richmond Division

MCCAIN-PALIN, 2008, INC.

    Plaintiffs,

v.                                      Case No. 3:08cv709

JEAN CUNNINGHAM, *et al.*,

    Defendants.

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

The defendants, Jean Cunningham, Nancy Rodrigues, and Harold Pyon (the "Defendants"), in their official capacity, by counsel, have moved to dismiss this matter for the reasons set forth herein.

**Introduction**

The Defendants took an oath to support the Constitution and laws of the Commonwealth of Virginia. *See* Virginia Code § 49.1. Virginia law provides that absentee ballots may be counted only if they are received before the polls close, which is at 7:00 p.m. on Election Day. This lawsuit asks the Court to re-write Virginia law to say that absentee ballots may be counted for ten additional days, because some absentee ballots may have been mailed out to prospective voters later than planned.

In February 2008, obedient to Virginia Code § 24.2-665(B), the Defendants rejected 299 unofficial paper ballots cast by would-be voters in the Democrat Presidential Primary in Chesterfield County, Virginia, when polling places ran out of official ballots.

Those voters were disenfranchised. Nevertheless, the Defendants were bound to enforce Virginia law, and those unofficial ballots were not counted.

In November 2008, obedient to Virginia law, the Defendants resisted a lawsuit filed by the NAACP, seeking an extension of voting hours to 9:00 p.m., two hours past the statutory deadline of 7:00 p.m. The NAACP claimed that voters would be disenfranchised if the polls were not kept open longer. Nevertheless, the Defendants were bound to enforce Virginia law, which they did. On November 4, 2008 the polls closed at 7:00 p.m., and all voters in line at 7:00 p.m. when the polls closed were permitted to vote pursuant to Virginia law.

Now, obedient to Virginia law, and consistent with their previous actions in support of Virginia law, the Defendants must object to the plaintiffs' attempt to re-write Virginia law as it applies to counting absentee ballots. The Defendants therefore move to dismiss the Complaint for three separate but independently compelling reasons:

1. There is no federal right to have absentee ballots mailed out at least 45 days before an election. The plaintiffs' claim is based on mere suggestions by federal officials, and suggestions are not enforceable under 42 U.S.C. § 1983.

2. There is no private right of action under the federal law invoked by the plaintiffs. The law vests enforcement authority in one person only: the United States Attorney General, who is not a party to this lawsuit.

3. The case is moot. The number of absentee ballots in question is fewer than necessary to change Virginia from blue to red. Moreover, even a change in Virginia's electoral vote would not affect the outcome of the 2008 Presidential Election.

The case should be dismissed.

**I. Facts**

The Defendants are the members of the Virginia State Board of Elections, and have powers and duties set forth by Virginia Code § 24.2-103 *et seq*. The plaintiffs complain that certain local electoral boards (*see* Virginia Code § 24.2-106) did not mail absentee ballots to military voters at least 45 days before the November 4, 2008 general election. Complaint, ¶ 31.

The Uniform and Overseas Citizens Absentee Voting Act of 1986, 42 U.S.C. §§ 1973ff *et seq*. ("UOCAVA") provides that States must permit members of the military and overseas voters to vote by absentee ballot. UOCAVA, however, does not require States to send absentee ballots to UOCAVA voters at least 45 days before an election. As authority for the 45-day requirement, the plaintiffs cite no statute. Nor do they cite any federal regulation. Instead, they point to a "report" issued by the U. S. Election Assistance Commission ("USEAC"), a report that merely *recommends* that state officials mail absentee ballots at least 45 days before the election. Complaint, ¶ 20. They also point to what they refer to as a "letter" from a U. S. Department of Justice Acting Assistant Attorney General, saying that it is "particularly important to allow at least 45 days ballot transit time" for distant military personnel. Complaint, ¶ 23. Neither the USEAC report nor the DOJ letter is embodied in any federal statute or regulation.

Virginia law requires that in order to be counted, absentee ballots must be received before the closing of the polls, which means with respect to the 2008 general election, on or before 7:00 p.m. on November 4, 2008. *See* Virginia Code § 24.2-709. Virginia's election laws confer emergency authority on the Board of Elections, *see* Virginia Code § 24.2-713, but, significantly, that emergency authority (which has not

3

been invoked in the 2008 general election) expressly does not "authorize the counting of any absentee ballot returned after the polls have closed." *Id.* Accordingly, the relief requested by the plaintiffs – counting absentee ballots received after the polls close, up to November 14, 2008 – is relief beyond the statutory authority of the defendants.

The plaintiffs bring this lawsuit under 42 U.S.C. § 1983, allegedly to enforce rights under UOCAVA. As discussed below, there are no such rights.

## II. <u>Argument</u>

### A. Legal Standard for Motion to Dismiss

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). As the Supreme Court recently noted, a complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. In addition, the court "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Accordingly, the complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974 (2007).

4

**B. No Federal Right Implicated**

Section 1983 actions may be available to redress violations of federal statutes by state agents, *Maine v. Thiboutot*, 448 U.S. 1 (1980), but not where the statute does not create enforceable rights, privileges, or immunities within the meaning of § 1983. *See Middlesex County Sewerage Auth. v. Nat'l. Sea Clammers Ass'n.*, 453 U.S. 1 (1981); *Smith v. Kirk*, 821 F.2d 980, 982 (4th Cir. 1987). Congressional intent is the "key to the inquiry" of whether a statute creates enforceable rights. *Sea Clammers*, 453 U.S. at 13. In determining Congress's intent, courts look to the language of the statute. *Smith v. Kirk*, 821 F.2d at 982.

There is no question that UOCAVA does not create an enforceable right on the part of members of the military or overseas voters to have absentee ballots mailed to them at least 45 days prior to an election. Indeed, the statute is completely silent on the question. Accordingly, there is no federal "right" under UOCAVA which may be enforced under § 1983. Moreover, with respect to the DOJ letter and the USEAC report, those documents cannot and do not create federal rights enforceable under § 1983. In fact, the USEAC report is a mere recommendation to states, and the DOJ letter simply says that it is "important" that 45 days be permitted. In other words, the 45-day advance mailing concept is nothing more than a suggestion.

Even if the 45-day period were embodied in a federal regulation, however, that regulation would still be insufficient to establish a right enforceable under § 1983, because the Fourth Circuit has held that "a formal regulation cannot by itself give rise to a federal right enforceable under § 1983." *See HCMF Corp. v. Allen*, 238 F.3d 273, 277 (4th Cir.), *cert. denied*, 533 U.S. 916 (2001) (*citing Smith v. Kirk*, 821 F.2d at 984); *see*

5

also *Save Our Valley v. Sound Transit,* 335 F.3d 932, 936 (9th Cir. 2003) ("[A]n agency regulation cannot create individual rights enforceable through § 1983"). A policy letter has even less legal stature than a regulation. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (holding that agency opinion letters and policy statements, unlike regulations, are not entitled to deference under *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc*., 467 U.S. 837 (1984)).

In *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002), the Supreme Court made it clear that only unambiguously conferred rights may support actions under § 1983:

> We now reject the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983. Section 1983 provides a remedy only for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Accordingly, it is rights, not the broader or vaguer "benefits" or "interests," that may be enforced under the authority of that section. Accordingly, the plaintiffs are not vested with a federal right enforceable pursuant to 42 U.S.C. § 1983.

*Id.* Accordingly, there being no right infringed, the plaintiffs do not possess a federal cause of action enforceable under 42 U.S.C. § 1983. The complaint must be dismissed.[1]

**C. No Private Right of Action**

This argument has two components. First, even if UOCAVA contemplated a private remedy, the plaintiffs have not alleged a violation of UOCAVA; they have merely

---

[1] Virginia Code § 24.2-612 provides that the electoral board "shall make printed ballots available for absentee voting at least . . . 45 days prior to any November general election," but the word "shall" in a statute requiring action by a public official "is directory and not mandatory unless the statute manifests a contrary intent." *Jamborsky v. Baskins*, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994). In any event, violations of state law are not actionable under 42 U.S.C. § 1983. *See McLenagan v. Karnes*, 27 F.3d 1002, 1008 (4th Cir. 1994) (citing *Davis v. Scherer*, 468 U.S. 183, 193 (1984)).

alleged that some Virginia jurisdictions did not mail ballots to absentee voters at least 45 days before the election. At most, that might be counter to the *suggestions* made by the DOJ and USEAC, but it in no way violates any provision of UOCAVA.

Second, even if the plaintiffs had alleged an actual violation of UOCAVA, they do not have the right to enforce UOCAVA, because there is no private right of action under that statute. To be sure, the statute does indeed have an enforcement provision – 42 U.S.C. § 1973ff – captioned "Enforcement" – which says, simply: "The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as may be necessary to carry out this subchapter." UOCAVA does not contain any statutory authority enabling private citizens to sue for relief of any kind.

The Supreme Court has held that"[t]he question whether Congress . . . intended to create a private right of action [is] definitively answered in the negative" where a "statute by its terms grants no private rights to any identifiable class." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 576 (1979). Moreover, "even where a statute is phrased in such explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). UOCAVA manifests no such intention.

Any possible doubt about this conclusion is dispelled by the next Subchapter in the United States Code: 42 U.S.C. § 1973gg, the National Voter Registration Act. There, Congress expressly conferred a private right of action, *see* § 1973gg-9(b), in addition to the conferral of authority on the Attorney General to seek injunctive relief. Obviously, Congress knows how to create a private right of action in a federal voting statute if it is of

a mind to do so. It did not do so in UOCAVA. The absence of a similar provision creating a private right of action in UOCAVA is therefore fatal to the plaintiffs' claims.

**D. Mootness**

This case is moot. The 2008 general election is over, the McCain-Palin campaign was unsuccessful, and, even if the number of late arriving ballots was sufficient to swing Virginia from Obama to McCain, it would not change the results of the Presidential Election. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (stating that federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them"); *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (same). Accordingly, the case should be dismissed as moot.

**III. Conclusion**

The Court should dismiss the case, with prejudice, awarding the defendants their attorneys' fees and costs, and such other relief as the Court deems appropriate.

JEAN CUNNINGHAM, *et al.*

By __/s/_____
      Counsel

Robert A. Dybing, VSB No. 32712
John A. Gibney, Jr., VSB No. 15754
Attorney for Defendants
ThompsonMcMullan, P.C.
100 Shockoe Slip
Third Floor
Richmond, Virginia 23219
Telephone: (804)649-7545
Fax: (804)780-1813
Email: rdybing@t-mlaw.com
jgibney@t-mlaw.com

**Certificate of Service**

      I certify that on November 6, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

      By:   /s/_____
Robert A. Dybing, VSB No. 32712
John A. Gibney, Jr., VSB No. 15754
Counsel for Defendants
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
(804)649-7545
Fax: (804)780-1813
rdybing@t-mlaw.com
jgibney@t-mlaw.com