# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

MCCAIN-PALIN 2008, INC., )
)
    Plaintiff, )
)
) Case No. 3:08CV709
v. )
)
JEAN CUNNINGHAM, )
Chairman, Virginia State Board of Elections; )
HAROLD PYON, Vice-Chairman, Virginia State )
Board of Elections; and NANCY RODRIGUES, )
Secretary, Virginia State Board of Elections, )
)
    Defendants. )
)
_____)

## MOTION TO INTERVENE AS PARTY PLAINTIFF AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

The United States hereby moves this Court for an order permitting the United States to intervene as a plaintiff, pursuant to Fed. R. Civ. P. 24(b)(2), on the grounds that:

1.    Plaintiff McCain-Palin 2008, Inc., ("McCain-Palin") filed this action on November 3, 2008, pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-6. Plaintiff McCain-Palin alleges that Defendants violated UOCAVA by failing to mail absentee ballots in a timely manner to military and overseas voters who requested absentee ballots by the 30th day before the November 4, 2008 general federal election ("UOCAVA voters").

2.    Pursuant to 42 U.S.C. § 1973ff-4, "The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as may be necessary to carry out [UOCAVA]."

3. The United States seeks a remedy beyond the 10-day ballot-counting deadline demanded by Plaintiff McCain-Palin. The United States seeks to protect the rights of UOCAVA voters in future elections and has a strong interest in ensuring that UOCAVA voters receive their ballots in a timely manner in future elections and that Defendants and Virginia election officials are properly trained to achieve that end.

4. Permitting the United States to intervene in this matter would not unduly delay or prejudice the adjudication of the rights of the original parties.

5. This motion is timely because Plaintiff McCain-Palin's complaint was recently filed, on November 3, 2008. Plaintiff McCain-Palin's action brought to light facts that the Defendants had not previously disclosed to the United States, and which make it appropriate for the United States to enforce the rights of UOCAVA voters.

## DISCUSSION

Because the United States satisfies the requirements of Federal Rule of Civil Procedure 24(b)(2), the United States' intervention in this matter as plaintiff is appropriate and should be granted.

**A.     The United States' Intervention In This Matter is Timely**

Timeliness is a factor in all motions to intervene. See NAACP v. New York, 413 U.S. 345 (1973); Fed. R. Civ. P. 24. The United States filed this action immediately after it became aware that the assurances that Defendants previously provided to the Justice Department regarding their compliance with UOCAVA were incorrect.

In an effort to confirm that jurisdictions were mailing absentee ballots in a timely manner to UOCAVA voters, Justice Department attorney Lema Bashir contacted Vickie Williams, the Absentee Voting & Voter Education Coordinator for the Virginia State Board of Elections, on

September 30, 2008.  See Exhibit A, Declaration of Lema Bashir.  Ms. Williams had previously committed to "self-monitor" Virginia's localities for UOCAVA compliance – i.e., to survey Virginia's localities and report the dates upon which they mailed their absentee ballots to UOCAVA voters for the November 4, 2008 election.  See Exhibit B, Email from Vickie Williams.  On September 30, 2008, Ms. Williams assured Ms. Bashir that all of Virginia's localities had sent absentee ballots to all of the UOCAVA voters who had requested an absentee ballot up until that date.   See Exhibit A, Declaration of Lema Bashir.

On November 12, 2008, the Virginia State Board of Elections sent the Justice Department a list of absentee ballot data for UOCAVA voters from the November 4, 2008 election, which included the names of UOCAVA voters, in what locality they were registered to vote, when their requests for absentee ballots were processed by the localities, the dates the absentee ballot envelope labels were printed, and the date, if any, the voted absentee ballot was processed by the local electoral board or registrar.  Id.  The data provided to the Justice Department was created by Defendants pursuant to this Court's Order of November 4, 2008.

Notwithstanding Ms. Williams' assurances to the contrary, Defendants' own UOCAVA data reveals that there were, at a minimum, 656 UOCAVA voters who requested an absentee ballot in a timely manner but whose absentee ballot envelope labels were not printed until October 7, 2008 or later – 28 days or less before the November 4, 2008 election.  See Exhibits E and F to United States' Memorandum in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction, Virginia State Board of Elections UOCAVA Absentee Voter Information.  More disturbingly, Defendants' records demonstrate that at least 125 military servicemembers and overseas citizens who requested a timely absentee ballot did not have their absentee ballot envelope labels printed until two weeks (or less) before the November 4, 2008

election.  Id.

Two days after receiving Defendants' UOCAVA data, which reveals Defendants' failure to provide sufficient time for UOCAVA voters to receive their absentee ballots, mark them, and return them by the deadline, the Department filed this action.  Defendants should not be allowed to argue that the United States' intervention is untimely given that it was the Defendants' failure to provide accurate information regarding UOCAVA compliance that delayed the filing of the United States' suit.

**B.**     **The United States' Intervention is Appropriate Under F. R. Civ. P. 24(b)(2)**

Rule 24(b)(2)(A) permits a federal governmental officer or agency to intervene when the party's claim is based on a statute administered by the officer of the agency.  See, e.g., Securities and Exchange Com'n v. U.S. Realty and Imp. Co., 310 U.S. 434 (1940) (ruling that government agency was permitted to intervene based on a public interest in ensuring that federal law was complied with).  Under 42 U.S.C. § 1973ff-4, the Attorney General is charged with the responsibility of filing actions "for such declaratory or injunctive relief as may be necessary to carry out [UOCAVA]."  As such, the United States has a direct and substantial interest in this litigation, and should be permitted to intervene as a party.

Pursuant to Rule 24(b)(3), the Court must also determine whether the rights of the original parties will be prejudiced by permitting intervention.  Fed. R. Civ. P. 24(b)(3).  In this case, the United States' intervention would not prejudice the parties, especially given that the United States's claim involves the same federal statute, virtually identical claims that Defendants failed to send timely absentee ballots to UOCAVA voters, and overlapping relief regarding the 10-day ballot return deadline extension.  Moreover, the United States' action was filed only 11 days after Plaintiff McCain-Palin's suit.

Finally, the United States' interests in enforcing UOCAVA would be seriously impaired if this Court were to deny its motion to intervene and grant Defendants' Motion to Dismiss.[1] Such a scenario would result in the likely dissolution of this Court's November 4, 2008 Order, which is currently preserving absentee ballots received by Defendants after November 4, 2008. Dissolving this Court's November 4th Order would seriously jeopardize the United States' ability to ensure that Virginia election officials preserve and count as validly cast ballots any absentee ballots from UOCAVA voters that were executed by November 4, 2008 and are received by 7:00 p.m. on November 14, 2008.

## **CONCLUSION**

Based on the above, the United States requests that the Court grant its motion to intervene as a party in the above-captioned matter.

---

[1] The United States takes no position on whether a private cause of action exists under UOCAVA and whether Plaintiff McCain-Palin has standing to sue under the Act.

Respectfully submitted,

MICHAEL B. MUKASEY
Attorney General

GRACE CHUNG BECKER
Acting Assistant Attorney General

DANA BOENTE
Acting United States Attorney

BY:     /s/
Robin Perrin
Assistant United States Attorney
Eastern District of Virginia

CHRISTOPHER COATES
Chief, Voting Section

REBECCA J. WERTZ
Principal Deputy Chief
ALBERTO RUISANCHEZ
LEMA BASHIR
Trial Attorneys
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Ave., NW
Room NWB-7254
Washington, D.C. 20530
Phone: (202) 305-1291
Fax:    (202) 307-3961
rebecca.j.wertz@usdoj.gov
alberto.ruisanchez@usdoj.gov
lema.bashir@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 14th day of November, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

            Robert A. Dybing
            rdybing@t-mlaw.com
            *Attorney for the Defendant*

            Stephen Charles Piepgrass
            stephen.piepgrass@troutmansanders.com
            *Attorney for the Plaintiff*

            By:        /s/
                       _____

                       Robin E. Perrin
                       Virginia State Bar No. 65825
                       Assistant United States Attorney
                       United States Attorney's Office
                       600 East Main Street, Suite 1800
                       Richmond, Virginia 23219
                       Telephone: (804) 819-5400
                       Facsimile: (804) 819-7417
                       Email: Robin.Perrin2@usdoj.gov