## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| MCCAIN-PALIN 2008, INC., | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 3:08cv709 |
| JEAN CUNNINGHAM, Chairman, Virginia State Board of Elections; HAROLD PYON, Vice-Chairman, Virginia State Board of Elections; and NANCY RODRIGUES, Secretary, Virginia State Board of Elections, | ) |
| *Defendants*. | ) |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
### IN OPPOSITION TO MOTION TO DISMISS

Plaintiff McCain-Palin 2008, Inc., by counsel, states as follows for its Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss.

In its Complaint, Plaintiff contends that UOCAVA creates a rule of reason and that local jurisdictions must mail absentee ballots to UOCAVA voters at least 45 days before the election in order to be reasonable. Complaint, ¶ 18. Based on information that the Defendants provided to Plaintiff pursuant to the November 4, 2008 Order of this Court, Plaintiff has been able to estimate the number of UOCAVA voters who were impacted by Defendants' failure to adhere to a 45-day standard.

At a hearing on the evidence, Plaintiff expects to show the following:

1)   Counting back from Election Day, November 4, 2008, the 45-day mark was September 20, 2008.

2) There were at least **3,407** UOCAVA voters whose absentee ballot applications reached local election officials *more* than 45 days before Election Day (*i.e.* received September 19 or earlier), but who were not sent an absentee ballot application until *after* the 45-day mark (*i.e.* mailed after September 20).[1]

3) Based on the information provided by the Defendants from their VERIS system, at least **982** of these 3,407 belatedly-mailed absentee ballots were not returned to election officials by Election Day.

Some of these 982 ballots will be found among those "late" ballots that are subject to the protections of the November 4, 2008 Order. Without additional relief from this Court, those votes will never be counted and the right to vote will have been effectively denied to the men and women who sought to cast them. In other cases, the military or overseas voter who received an absentee ballot close to Election Day may have just given up, knowing that the belatedly-furnished ballot could never be voted and returned in time for Election Day. They, too, have been effectively deprived of their right to vote. Without relief from this Court, the same deprivation is likely to occur in future elections.

Plaintiff has previously noted that, under Virginia law, local election officials "shall make printed ballots available for absentee voting at least . . . 45 days prior to any November general election." Va. Code § 24.2-612. This explicit 45-day rule was adopted by the Virginia General Assembly in 1993. *See* 1993 Va. Acts, ch. 641. The enactment represents, *inter alia*, Virginia's attempt to comply with the broad

---

[1] These numbers do not include any ballots for which Defendants' VERIS system lacked information about the date the absentee ballot application was processed or mailed.

requirements of UOCAVA, a 1986 federal law that imposes on the States certain requirements in how they run federal elections within their borders. Defendants should not be heard to say that they need not comply with the 45-day standard.

As the Supreme Court has explained, "[i]n the context of a Presidential election, state-imposed restrictions implicate a uniquely important national interest. For the President and the Vice President of the United States are the only elected officials who represent all the voters in the Nation." *Anderson* v. *Celebrezze,* 460 U.S. 780, 794-95 (1983). The U.S. Constitution "leaves it to the [state] *legislature* exclusively to define the method" of appointing presidential electors. *McPherson v. Blacker*, 146 U.S. 1, 27 (1892) (emphasis added). Thus, "[a] significant departure from the legislative scheme for appointing Presidential electors presents a federal constitutional question." *Bush v. Gore*, 531 U.S. 98, 113 (2000) (Rehnquist, C.J. joined by Scalia and Thomas, JJ., concurring).

In *Bush v. Gore*, given the unique context of a presidential election, it fell to the U.S. Supreme Court to enforce state election law as a matter of federal law. In the case at bar, the same task falls to this Court. In Virginia, the legislative scheme for appointing presidential electors includes the requirement that ballots be made available to absentee voters at least 45 days before the election. The text of this election law – and not just its administration by election officials – "takes on independent significance." *Id.* Defendants and the local election officials they are charged with supervising did not adhere to Virginia's legislative scheme, but took it upon themselves to decide that the law did not mean what it said. This violation of state law is, in the context of a presidential election, also a violation of federal law and should be remedied by this Court.

**CONCLUSION**

For the foregoing reasons, and for the reasons stated in Plaintiff's previous memoranda, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

                                               MCCAIN-PALIN 2008, INC.

                                               By: _____/s/_____

                                                         Stephen C. Piepgrass
                                                         Of Counsel

William H. Hurd (VSB No. 16769)
 william.hurd@troutmansanders.com
Ashley L. Taylor, Jr. (VSB No. 36521)
 ashley.taylor@troutmansanders.com
Paige S. Fitzgerald (VSB No. 35184)
 paige.fitzgerald@troutmansanders.com
Stephen C. Piepgrass (VSB No. 71361)
 stephen.piepgrass@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23219
(804) 697-1200 (phone)
(804) 698-5147 (fax)
      *Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on the 14th day of November, 2008, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Robert A. Dybing, Esquire
>rdybing@t-mlaw.com
>John A. Gibney, Jr. Esquire
>jgibney@t-mlaw.com
>Thompson McMullen
>100 Shockoe Slip
>Richmond, Virginia 23219
>(804) 649-7545 (phone)
>(804) 649-0654 (fax)
>
>*Counsel for Defendants*

>      /s/
>Stephen C. Piepgrass (VSB No. 71361)
>stephen.piepgrass@troutmansanders.com
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, Virginia 23219
>(804) 697-1200 (phone)
>(804) 698-5147 (fax)
>
>*Counsel for Plaintiff*

1782221