

**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

The Honorable Richard L. Williams
U.S. District Court Judge
United States District Court
Eastern District of Virginia
701 E. Broad Street
Richmond, VA 23219

      RE:     United States v. Cunningham, et. al., Case No. 3:08cv709

Dear Judge Williams,

      In response to your Honor's invitation to the parties to submit additional memoranda, the United States would like to provide additional thoughts on Friday's conference call.

      First, regarding your Honor's inquiry as to how states change their laws to cohere with federal law, the Department has agreed in other cases to permit states a certain period of time following a liability finding to pass legislation, or take other steps to ensure long-term compliance with UOCAVA.[1] Should a state fail to do so, the United States has retained the right to seek appropriate relief from the court pursuant to the court's on-going jurisdiction. If the state passes the necessary legislation, the United States has agreed to jointly dismiss the actions against the state. The United States would be amenable to this procedure here, should the Court enter a liability finding.

      Second, to remedy UOCAVA violations, federal courts have routinely ordered states to ensure that all timely-requested, late-mailed ballots are counted, so long as such ballots are otherwise valid under state law, were received by the extended ballot receipt deadline ordered by

---

[1] See, e.g., United States v. New York, No. 1:09-cv-335 (N.D.N.Y. March 26, 2009), attached as Ex. U to the United States' Cross-Motion for Summary Judgment; Ex. A, United States v. Pennsylvania, No. 1:CV-04-830 (M.D. Pa. July 27, 2006); Ex. B, United States v. Oklahoma, No. 02-CIV-1273 (W.D. Okla. Aug. 8, 2003); Ex. C, United States v. North Carolina, No. 5:06-CV-118 (E.D.N.C. Dec. 18, 2006) (dismissal of consent decree following NC General Assembly's adoption of new legislation remedying the UOCAVA violations); Ex. D, United States v. Georgia, No. 1:04-CV-2040 (N.D. Ga. July 25, 2005).

1

the court, and were dated or postmarked by the date of the election.[2]  These orders appropriately permitted the states to determine the most efficient, least expensive, and least intrusive ways to count the ballots in question and amend the election results – while also vindicating vital federal interests.

Finally, following Friday's discussion of postmarks and mailing dates of UOCAVA ballots, we would like to offer some clarification on the subject.  According to 42 U.S.C. §1566(g)(2), postmarks are indeed placed on absentee ballots collected at overseas locations or vessels at sea whenever the Department of Defense is responsible for collecting such mail for return to the United States.  Whether the ballot is transmitted without postage is irrelevant.  Moreover, votes cast by non-military, overseas voters using civilian postal systems should also have a postmark.  As such, it should be possible to determine which of the late-returned UOCAVA ballots in the possession of Virginia localities were mailed by November 4, 2008.  However, should there be a liability finding, the United States is amenable to a Court order requiring the Defendants to devise criteria for determining which ballots were cast by the date of the election.

---

[2] See United States v. Georgia, No. 1:04-CV-2040 (N.D. Ga. July 15, 2004; entered July 16, 2004); United States v. Arkansas, No. LR-C-84-92 (E.D. Ark. Nov. 5, 1984); United States v. Delaware, No. 92-523 (D. Del. Sept. 11, 1992); United States v. Florida, No. TCA80-1055 (N.D. Fla. Nov. 6 1980); United States v. Minnesota, No. 4-84-1114 (D. Minn. Nov. 1, 1984); United States v. New York, No. 86 Civ. 8583 (S.D.N.Y.) Nov 12, 1986); United States v. Pennsylvania, No. 1:CV-04-830 (M.D. Pa. April 16, 2004); United States v. Tennessee, No. 3-90-0958 (M.D. Tenn. Nov. 5, 1990); United States v. Texas, No. A-91-CA-384 (W.D. Tex. May 17, 1991); United States v. Texas, No. A-02-CA-195 (W.D. Tex. Mar. 25, 2002); United States v. Wyoming, No. C88-0238-8 (D. Wyo. Aug. 16, 1988).  Copies of these orders are attached to the United States' Cross-Motion for Summary Judgment.

We thank you for the opportunity to submit additional information to the Court.

    Sincerely,

    LORETTA KING
    ACTING ASSISTANT ATTORNEY GENERAL

    NEIL H. MACBRIDE
    UNITED STATES ATTORNEY

    /s/
    Robin E. Perrin
    Virginia State Bar No. 65825
    Assistant United States Attorney
    United States Attorney's Office
    600 East Main Street, Suite 1800
    Richmond, Virginia 23219
    Telephone: (804) 819-5400
    Facsimile: (804) 819-7417
    Email: Robin.Perrin2@usdoj.gov

    CHRISTOPHER COATES
    REBECCA J. WERTZ
    RICHARD DELLHEIM (admitted *pro hac vice*)
    LEMA BASHIR
    United States Department of Justice
    Civil Rights Division, Voting Section
    950 Pennsylvania Ave., NW
    Room NWB-7254
    Washington, D.C. 20530
    Phone: (202) 305-1291
    Fax:   (202) 307-3961
    christopher.coates@usdoj.gov
    rebecca.j.wertz@usdoj.gov
    richard.dellheim@usdoj.gov
    lema.bashir@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

> Robert A. Dybing
> rdybing@t-mlaw.com
> *Attorney for the Defendant*

By:

/s/
Robin E. Perrin
Virginia State Bar No. 65825
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 819-7417
Email: Robin.Perrin2@usdoj.gov