IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 3:08CV709 |
| v. ) | |
| ) | |
| JEAN CUNNINGHAM, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## CONSENT DECREE

Plaintiff United States of America initiated this action to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-6. On October 15, 2009, this Court entered an order finding that the Commonwealth of Virginia and the Virginia State Board of Elections ("Defendants") violated UOCAVA by failing to mail timely-requested absentee ballots to UOCAVA voters 30 days or more before the November 4, 2008 general federal election, and ordered the Defendants to count as validly-cast all timely-requested, but late-mailed and otherwise-valid absentee ballots that were received by local electoral boards and registrars within 30 days of the close of polls on November 4, 2008.

On September 10, 2010, this Court ordered the parties to discuss "the creation of an appropriate, functional future compliance plan." Order on Perm. Rel. at 4. Accordingly, the parties hereby agree to the entry of this Consent Decree to resolve this action, and stipulate as follows:

1. Defendant Commonwealth of Virginia is obligated to comply with UOCAVA which, following the Court's Order, has been amended by the Military and Overseas Voter Empowerment Act, Pub. L. 111-84, §§ 577 to 582, 583(a), 584 to 587, 123 Stat. 2318 (2009) ("MOVE Act").

2. The adoption of certain monitoring, reporting, and training procedures for a limited period is appropriate to ensure the Defendants' ongoing compliance with UOCAVA.

3. The adoption of additional safeguards is appropriate to ensure ongoing UOCAVA compliance should absentee ballots not be sent by dates prescribed by federal law.

4. This Consent Decree is final and binding as to all issues resolved herein.

WHEREFORE, the parties having freely given their consent, and the terms of the Consent Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. Because UOCAVA enforcement depends on timely and accurate information about the extent of compliance in each of the Commonwealth's political subdivisions, Defendants shall adopt procedures designed to determine Statewide UOCAVA compliance. Accordingly, the Defendants shall:

(a) Beginning the 50th day prior to each federal election, survey each Virginia locality to determine (1) whether the localities have received their printed absentee ballots sufficiently ahead of the 45-day mailing deadline to transmit these ballots as required by UOCAVA, (2) whether the localities anticipate any difficulties or situations that would prevent them from transmitting ballots to stateside uniformed services voters and their spouses and dependents, overseas uniformed services voters and their spouses and dependents, and overseas civilian voters as required by UOCAVA, and (3) whether it would be appropriate for the

Defendants to provide additional support to any Virginia localities to ensure that they meet the appropriate deadlines under UOCAVA;

(b) obtain written or electronic certifications, in a format agreed to by the parties, of the number of absentee ballot applications received in each Virginia locality on or before the 45th day before each federal election from stateside uniformed services voters and their spouses and dependents, overseas uniformed services voters and their spouses and dependents, and overseas civilian voters, entitled to vote pursuant to UOCAVA; the date on which the printed absentee ballots were received in each general registrar's office; the date on which the general registrar began sending absentee ballots to such UOCAVA voters; and the date on which the general registrar completed the sending of absentee ballots to such UOCAVA voters;

(c) compile the data provided by the Virginia localities described in paragraph 1(b) into a spreadsheet format devised in consultation with the United States, and transmit such spreadsheet and forms, by facsimile or other electronic means, to counsel for the United States no later than 5:00 pm on the 44th day before each federal election;

(d) forward to counsel for the United States copies of the written or electronic report from the local electoral boards to the State Board of Elections required under Va. Code Ann. §24.2-612 immediately upon receipt of said report;

(e) obtain written or electronic certifications, in a format agreed to by the parties, of the number of absentee ballot applications received in each Virginia locality after the 45th day and on or before the 30th day before each federal election from stateside uniformed services voters and their spouses and dependents, overseas uniformed services voters and their spouses and dependents, and overseas civilian voters, entitled to vote pursuant to UOCAVA; the

date on which the general registrar began sending absentee ballots to such UOCAVA voters; and the date on which the general registrar completed the sending of absentee ballots to such UOCAVA voters;

(f) compile the data provided by the Virginia localities described in paragraph 1(e) into a spreadsheet format devised in consultation with the United States, and transmit such spreadsheet and forms, by facsimile or other electronic means, to counsel for the United States no later than 5:00 pm on the 29th day before each federal election;

(g) certify in writing to counsel for the United States that all of the data reported pursuant to paragraph 1 of this Decree is accurate to the best of its knowledge.

2. Prior to each federal election cycle, Defendants shall use all reasonable effort to train at least one election official from each local electoral board or general registrar's office in Virginia on the requirements of UOCAVA, as amended by the MOVE Act, and the need to send absentee ballots to UOCAVA voters in a timely manner. Such training shall include instructions on the provisions of this Consent Decree, including the monitoring and reporting requirements, and of all Virginia laws and procedures governing voting by UOCAVA voters, including those pertaining to use of the Federal write-in absentee ballot ("FWAB"). Defendants shall provide copies of such training materials to counsel for the United States prior to their use for training Virginia local election officials.

3. If, during the time period covered by this Consent Decree, it becomes apparent that any general registrar will be unable to transmit regular absentee ballots to UOCAVA voters by the 45th day before a federal election as required by the MOVE Act, the Defendants shall ensure that each UOCAVA voter entitled to an absentee ballot shall be sent a FWAB, which shall be transmitted no later than the 45th day before the federal election. The FWAB shall be

accompanied by instructions for completing and returning it, and a complete and accurate listing of relevant candidates, offices, and ballot propositions for which the voter is eligible to vote, if available, as well as instructions for acquiring such information via the internet and toll-free telephone access. The Defendants shall further ensure that regular absentee ballots are sent to affected voters as soon as practicable.

4. For all Virginia localities that transmitted absentee ballots to stateside uniformed services voters and their spouses and dependents, overseas uniformed services voters and their spouses and dependents, and overseas civilian voters later than UOCAVA's deadlines in 2008 and 2010, the Defendants shall conduct reviews of their operational procedures to determine the sources of their failures, and shall address any failures identified with appropriate training, to be developed in consultation with the Department of Justice.

5. The monitoring, reporting, and training provisions contained in Paragraphs 1 and 2 shall remain in effect through December 31, 2012, unless extended by written agreement of the parties.

6. The Defendants shall submit the changes resulting from this Consent Decree for review under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c.

7. Nothing in this Consent Decree shall be construed as waiving any of the Commonwealth of Virginia's obligations under UOCAVA or the MOVE Act.

8. The Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree.

Date: December 10, 2010

Respectfully submitted,

FOR THE UNITED STATES:

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: /s/ Robin Perrin Meier
ROBIN PERRIN MEIER
Assistant United States Attorney

T. CHRISTIAN HERREN, JR.
REBECCA J. WERTZ
RICHARD DELLHEIM
LEMA BASHIR
Attorneys
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Ave., NW
Room NWB-7254
Washington, D.C. 20530
Phone: (202) 305-1734
Fax:   (202) 307-3961
rebecca.j.wertz@usdoj.gov
richard.dellheim@usdoj.gov
lema.bashir@usdoj.gov

FOR DEFENDANTS:

/s/ Robert A. Dybing
ROBERT A. DYBING
ThompsonMcMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
804-698-6248 direct dial
804-780-1813 facsimile
rdybing@t-mlaw.com


ACCEPTED AND AGREED:

/s/ Nancy Rodrigues
COMMONWEALTH OF VIRGINIA
STATE BOARD OF ELECTIONS

**SO ORDERED**

/s/
Richard L. Williams
United States District Judge